Benjamin M. Darrow
***DARROW LAW PLLC***
415 N. Higgins, Suite 2
P.O. Box 7235
Missoula, MT 59807
Telephone:  (406) 880-3417
ben@darrowlawmt.com
   *Attorney for Petitioner*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| TYLER JACK SNIDER,<br>　　　Petitioner,<br>vs.<br>MONTANA DEPARTMENT OF CORRECTIONS, BRIAN GOOTKIN, Director; JAMES SALMONSEN, Warden of Montana State Prison,<br>　　　Defendant. | Case No.: _____<br><br>PETITION FOR HABEAS CORPUS RELIEF UNDER § 28 U.S.C. 2254 |

COMES NOW, Plaintiff and prisoner Tyler Jack Snider (Mr. Snider), by and through his attorney of record, Benjamin M. Darrow and Petitions this Court for relief under *28 U.S.C. § 2254* for habeas corpus relief.  The grounds for this are that Petitioner's substantive due process rights and his right to be represented by counsel are implicated by the decisions below.  The legal basis for this Petition, the facts and law behind it, the  and the posture of this matter are detailed below.

## PETITION

Prisoner Tyler Jack Snider petitions this Court for relief under *§ 28 U.S.C. 2254* from the Judgment in Montana District Court, County of Musselshell, cause

number DC 2015-15. Mr. Snider was sentenced under the persistent felony offender statute to two concurrent sentences of 480 months, 40 years, with a 20 year parole restriction, for two counts of Assault with a Weapon. Mr. Snider contends that errors by the district court judge and the Montana Supreme Court in their decisions detailed below (1) harmed his substantive due process rights, and violated his 6th amendment right to counsel, (2) violated his right to a fair and impartial judge in sentencing and during post-conviction relief, and (3) violated his right to counsel during post-conviction relief. Mr. Snider seeks alternative remedies based upon the above arguments including (1) vacating his conviction and dismissing based the violations of his substantive due process right to a prompt initial appearance, (2) resentencing under a different district court judge based upon needed recusal of the sentencing judge, or alternatively, a hearing before an impartial judge to determine the recusal matter on the merits, and (3) appointment of counsel on remand for the purposes of representation during post-conviction relief.

## JURISDICTION & PRISONER STATUS

This is the Petitioner's first federal petition for *habeas corpus*. Petitioner Snider is in the custody of the Montana Department of Corrections serving the sentence for DC-2015-15 that is the basis for this Petition. **Exhibit A**, Snider Criminal History Conweb. Petitioner was recently moved out of Montana and is

held on interstate compact with the Virginia Department of Corrections. He specifically is being held at the River North Correctional Facility. His Address and contact information is as follows:

> Tyler Snider/ID:2141490
> River North Correctional Center
> 329 Dell Brook Lane
> Independence, VA 24348

Petitioner was sentenced to forty years in the Montana State Prison with a 20 year parole restriction for a persistent felony offender sentence on Assault with a Weapon. His sentence was the product of a plea agreement and a plea of guilty to amended charges. He was initially charged with attempted deliberate homicide. Other charges in the Information were dismissed.

Petitioner appealed his case to the Montana Supreme Court, which affirmed in part and reversed and remanded to correct an error regarding fines imposed.[1] Petitioner sought post-conviction relief (PCR) at the district court level and his *pro se* petition was dismissed without hearing or appointment of counsel. Petitioner appealed this ruling and it was denied by the Montana Supreme Court on July 6, 2022. Petitioner had 90 days to file a petition of certiorari to the United States Supreme Court under Rule 13 of the Rules of the Supreme Court of the United

---

[1] The government might be tempted to argue a time bar against Petitioner, but the state district court did not file a corrected Judgment until April 24, 2020, the day after dismissing the post-conviction relief petition. This dismissal was subsequently appealed, but the delay between the corrected judgment and the direct appeal decision should not count against the Petitioner, as the state district court found the petition there was timely for this reason.

States, but did not do so. With this time factored in, Petitioner is within the time period specified by *28 U.S.C. § 2244*, and his statutory deadline would be October 4, 2022 to file this Petition.

## 28 U.S.C. 2254 STANDARDS OF REVIEW

The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. See, *28 U.S.C. § 2254(a)*. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases. The U.S. District Court is to presume factual determinations by the state court are correct unless rebutted by the Petitioner, and the federal court leaves state law interpretation to the state courts. State court remedies must be exhausted. A petition for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *28 U.S.C. § 2254 (d).*

## PROCEDURAL HISTORY & FACTS

On February 15, 2015, Mr. Snider became involved in a number of altercations in Musselshell County where he shot and wounded at least two people. **Exhibit B**, Information He turned himself in on February 17, 2022.  Because he was on supervision by Montana probation and parole, his sentence was revoked and he was sentenced to Montana State Prison. He was sent from Musselshell County to the Montana State Prison without being charged for the altercations at that time.

Mr. Snider was first charged on May 22, 2015, 96 days after the conduct, with three counts of Attempted Deliberate Homicide, in violation of MCA 46-18-221 (2013). **Exhibit B**, The Court issues a warrant on May 26, 2015 requiring Mr. Snider's arrest and for him to be brought before the district court in Musselshell County, and this warrant was served on Mr. Snider at Montana State Prison on or about June 30, 2015. **Exhibit C**, Warrant. At the time, the prison informed the county of Mr. Snider's discharge dates but did not transport him per the warrant. *Id.* at 2.

The Court and county prosecutor were aware that Mr. Snider was incarcerated in the Montana State Prison because he was revoked on an

outstanding sentence in DC-2010-007 in Musselshell County District Court on March 2, 2015 and sentenced to a term of four years at Montana State Prison. Mr. Snider remained at prison his first court hearing, on August 31, 2015, 97 days after the Information, the official charging document, was filed.

Mr. Snider was represented by the office of public defender during this case in the District Court. His counsel filed a motion to dismiss based upon a violation of Mr. Snider's speedy trial rights, and this motion was denied on January 25th, 2016.

Subsequently, Mr. Snider entered into a plea deal which reserved his right to appeal the speedy trial motion denial. Mr. Snider would plead guilty to two counts of the amended charges of Assault with a Weapon and the State would recommend 40 year concurrent sentences pursuant to Montana's persistent felony offender statute. The court sentenced Mr. Snider to 40 years in Montana State Prison with a 20 year parole restriction. **Exhibit D**, Judgment.

Mr. Snider had previously warned his attorney that the judge was biased against him. Mr. Snider sought to have his counsel withdraw his plea of guilty and to file a motion to recuse, but his attorney refused to do so. Mr. Snider then filed a motion to recuse the judge on August 25, 2016, in order to have a different judge for considering a motion to withdraw his plea of guilty. **Exhibit E**, Motion to Disqualify. This motion was sent to the Montana Supreme Court for consideration

and denied as moot on September 12, 2016 as there were no pending matters. **Exhibit F**, Order on Motion to Disqualify. Ultimately he never filed any post-judgment motions.

At a later date, after Mr. Snider filed for PCR. Mr. Snider's mother, Rose Snider, filed a similar motion to recuse the judge, which was also sent to the Montana Supreme Court and was denied on technical grounds. **Exhibit G**, *Snider v. State* PR 20-0011, 2020 Mont. LEXIS 321. The issue of whether the sentencing judge should have been recused has never been considered on the merits by an independent judicial officer, but it was addressed in the dismissal of Petitioner's post-conviction relief petition. **Exhibit H,** District Court PCR Dismissal. Petitioner also sought review of his sentence before the Sentence Review Division and received no relief.

Mr. Snider's appellate counsel filed a timely notice of appeal on September 23, 2016. **Exhibit I,** DC 2015-15 Case Register, Pg. 2, This appeal alleged the trial court erred in not dismissing based upon the speedy trial argument, that the court considered inappropriate information (a jailhouse informant's letter), and that technology fees were inappropriately assessed. *State v. Snider*, DA 16-0563, 2018 MT 258. On appeal Mr. Snider was represented by appellate counsel Chad Wright. The Montana Supreme Court affirmed except that they remanded for the

district court to amend the judgment to remove the excess fees and fines. *Id*. at ¶ 28.

This amendment to the Judgment did not occur promptly, and in fact was not noticed by the Court until Mr. Snider filed a petition for post-conviction relief. This petition was filed *pro se* by Mr. Snider, and the district court denied this petition without hearing and without appointing counsel. The district court did not consider the merits of Mr. Snider's affidavit for recusal attached as **Exhibit J and Exhibit L,** Affidavit and Case Register for PCR .

Subsequently, Mr. Snider was appointed counsel, Colin Stephens, and appealed this denial. The Montana Supreme Court denied the post-conviction appeal on the grounds that Mr. Snider's petition for post-conviction relief fails to raise a prima facie case supporting PCR. *Snider v. State*, 2021 MT 169N, ¶ 19. This exhausted Mr. Snider's state level remedies and thus the filing of this Petition.

## ISSUES

1. Were Petitioner's 6th Amendment right to counsel and a fair sentencing and post-conviction relief matter violated by the denial, without consideration on the merits, of his motions to recuse the district court judge who presided over both matters? Petitioner and a family member of his filed two motions for recusal at different points in this case. Both times the matter was referred to the Montana

Supreme Court, both times Petitioner acted without counsel, and both times these recusal requests were not considered on the merits.

2. Were Petitioner's substantive due process rights to have a prompt arraignment, and speedy trial implicated by the 97 day delay in his initial appearance on these charges? Defendant spent 97 days after being charged, serving a sentence in Montana State Prison, hundreds of miles from Musselshell County, without access to counsel or any means to defend himself.

# ARGUMENT

1. **Petitioner's recusal motions had merit and went unconsidered; the failure to consider them on the merits implicates U.S. Supreme Court case law.**

The first issue has been litigated at the post-conviction relief level and the Montana Supreme Court has held as follows:

> Over time, Snider has repeatedly attempted to disqualify Judge Spaulding. His first attempt in 2016 was **denied as moot**. State v. Snider, No. PR 06-0120, Order (Mont. Sept. 12, 2016). Snider then sought rehearing, which was likewise denied. *State v. Snider*, No. PR 06-0120, Order (Mont. Oct. 18, 2016). On January 24, 2020, after Snider filed his pro se petition for PCR, his mother, purportedly under a grant of his power of attorney to her, filed a motion for disqualification of Judge Spaulding supported by an earlier affidavit made by Snider which had previously been filed on August 25, 2016. On January 29, 2020, this Court denied the motion for disqualification of Judge Spaulding **for various insufficiencies**. *Snider v. State*, No. PR 20-0011, 2020 Mont. LEXIS 321, Order (Mont. Jan. 29, 2020). Although the State asserts the motion was improperly filed as Snider's mother is not an attorney and, based on the January 29, 2020 Order of this Court denying the motion, the issue is precluded by res judicata, the District Court addressed Snider's claims of judicial bias. From our review of the record, we concur with the District Court that Snider has not provided supporting evidence **in his PCR petition** aside from a passing reference to his motion and prior affidavit to support his claim of judicial bias or prejudice. Although Judge Spaulding has had prior professional interaction with Snider—having **previously represented,**

> **prosecuted**, and sentenced him in different matters[2]—the record does not support allegations of judicial bias or prejudice against Snider and Snider's PCR petition fails to make even a *prima facie* showing of such. The District Court did not err when it did not recuse itself from this case."

*Snider v. State*, 2021 MT 169N, P9, 2021 Mont. LEXIS 595, *4-6, 405 Mont. 535, 489 P.3d 906, 2021 WL 2809581. (Emphasis added).

Petitioner should have received a hearing by an impartial judge regarding the issue of recusal, but instead the Montana Supreme Court relied upon the opinion by the district court judge on the PCR petition. Both times the issue came before the Montana Supreme Court before the recusal question was resolved without reaching the merits, first being "denied as moot" and secondly because of "various insufficiencies." *Id.* The court acknowledges some past interactions, "previously represented, prosecuted" but omits others. The Montana Supreme Court also fails to address the legal grounds for this argument by appellant counsel, which is the U.S. Supreme Court decision in *Williams v. Pennsylvania*, 579 U.S. 1 (Decided June 9, 2016). This opinion came out before Petitioner's first motion to recuse the district court judge made on August 25th, 2016, In *Williams*, the Court held that a judge may not sit on a case, that recusal is constitutionally-required, where the judge had previously served as prosecuting counsel, holding, "an unconstitutional potential for bias exists when the same person serves as both accuser and

---

[2] Interestingly, the opinion omits that the judge had also previously recused himself in a matter where Mr. Snider was the Defendant, though this information is in the opinion about the PCR petition.

adjudicator." *Williams v. Pennsylvania*, 579 U.S. 1, 8, 136 S. Ct. 1899, 1905, 195 L. Ed. 2d 132, 141, 2016 U.S. LEXIS 3774, *13, 84 U.S.L.W. 4359, 26 Fla. L. Weekly Fed. S 224.  To be sure, in Williams, the prosecutor had previously authorized the death penalty in that case, and now was sitting on the State Supreme Court, and was a deciding vote against Williams, however the logic is clear by extension.  The *Williams* Court elaborates in ways that implicate the other issues raised by Petitioner:

> No attorney is more integral to the accusatory process than a prosecutor who participates in a major adversary decision. When a judge has served as an advocate for the State in the very case the court is now asked to adjudicate, a serious question arises as to whether the judge, even with the most diligent effort, could set aside any personal interest in the outcome. There is, furthermore, a risk that the judge "would be so psychologically wedded" to his or her previous position as a prosecutor that the judge "would consciously [****15] or unconsciously [***142] avoid the appearance of having erred or changed position." *Withrow*, 421 U. S., at 57, 95 S. Ct. 1456, 43 L. Ed. 2d 712. In addition, the judge's "own personal knowledge and impression" of the case, acquired through his or her role in the prosecution, may carry far more weight with the judge than the parties' arguments to the court. *Murchison*, supra, at 138, 75 S. Ct. 623, 99 L. Ed. 942

*Id. at* 9-10, 141-142.

The judge had previously prosecuted Petitioner, and also had previously recused him, and these factors create a presumption of bias. Montana law regarding disqualification for cause requires, after the statutory compliance is made, for the Chief Justice to appoint another district court judge to hear the motion on recusal.  *MCA § 3-1-805*.  When this issue was first brought before the Montana Supreme Court, instead, it was denied as moot, and not considered on the

merits. The Petitioner asked for a rehearing and was denied. Another attempt, filed contemporaneously with the PCR petition, was denied for "insufficiencies" which appear to be the statutory compliance sections of code which reads:

> 1. Whenever a party to any proceeding in any court shall file an affidavit alleging facts showing personal bias or prejudice of the presiding judge, such judge shall proceed no further in the cause. If the affidavit is filed against a district judge, the matter shall be referred to the Montana Supreme Court. If the affidavit is in compliance with subsections (a), (b), and (c) below, the Chief Justice shall assign a district judge to hear the matter . . .
>
> (a) The affidavit for disqualification must be filed more than thirty (30) days before the date set for hearing or trial.
>
> (b) The affidavit shall be accompanied by a certificate of counsel of record that the affidavit has been made in good faith. An affidavit will be deemed not to have been made in good faith if it is based solely on rulings in the case which can be addressed in an appeal from the final judgment.
>
> (c) Any affidavit which is not in proper form and which does not allege facts showing personal bias or prejudice may be set aside as void.
>
> (d) The judge appointed to preside at a disqualification proceeding may assess attorneys fees, costs and damages against any party or his attorney who files such disqualification without reasonable cause and thereby hinders, delays or takes unconscionable advantage of any other party, or the court.

*Id.*

Petitioner's motion should have been considered on the merits. Petitioner argues that failure to appoint counsel or alternatively, appointed counsel's failure to act to file this motion after it was requested, is error that resulted in harm to Petitioner.

After seeking recusal twice, and without ever reaching the merits, and without the benefit of counsel, the Petitioner's PTC petition was denied by the district court judge without a hearing, without discovery, and most importantly,

28 U.S.C.§2254 Petition                                                                 Page 12 of 20

without counsel. Thus, the failure to reach the issue of recusal on the merits has resulted in a circumstance where Petitioner's right to counsel has been compromised, and there is question why he would not be deserving of appointment of counsel during his PCR case based upon the statutory authority in *MCA § 46-21-201 (2)* which requires, " . . .if the interests of justice require, the court shall order the office of state public defender, . . . to assign counsel for a petitioner." The failures implicate Petitioner's federal constitutional rights, specifically the right to have a fair and impartial tribunal protected in *Williams*, and taken together with how this implicates Petitioner's right to counsel, justify this court in providing a remedy.

2. **Petitioner's 97 day delay in his initial appearance is presumptively prejudicial and it was ineffective for counsel fail to raise this issue at the district court.**

   Petitioner's time for speedy trial begins after the Information was filed. When held in State custody, delay of 97 days between charging and initial appearance is presumptively prejudicial. Montana also has strict requirements for speedy arraignment. While Petitioner's counsel raised the speedy trial issue, he did not couch it in the terms of the undue delay in arraignment. The State would argue that because Petitioner was serving another sentence, this delay was either institutional or not harmful

In fact, early harm is the worst harm, that is why the federal standard is even more strict, In *Taylor* the U.S. District Court Judge dismissed the case due to undue delay in arraignment, but was reversed because the judge considered only the time delay, not the totality of the circumstances:

> "If the defendant is not brought to trial within the 70-day period mandated by the Speedy Trial Act (subtracting all properly excludable periods of delay), then the defendant may move for a dismissal of the indictment. See *18 U.S.C. § 3162(a)(2)*. The defendant has the burden of proving that the delay meets the criteria for dismissal. *Id.*"
> "If the defendant carries this burden, the indictment "shall be dismissed," and the district court must then consider whether to dismiss the case with or without prejudice. *Id.* Section 3162(a)(2) provides: "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." When considering the facts and circumstances of the case which led to dismissal, the court should again consider the length of the pretrial delay because "the length of a delay standing alone is a significant 'measure of the seriousness of the speedy trial violation.'" *Clymer*, 25 F.3d at 832 (quoting *United States v. Taylor*, 487 U.S. 326, 340, 108 S. Ct. 2413, 101 L. Ed. 2d 297 (1988)).

*United States v. Medina*, 524 F.3d 974, 980-981, 2008 U.S. App. LEXIS 9246, *9-12.

Of course, the 70 day mandate mentioned in *Taylor* and *Medina* does not apply to state court cases, however, Montana has similar protective case law and statues that are based upon federal case and constitutional law.

All individuals are guaranteed due process of law before deprivation of life, liberty, or property under the United States and Montana Constitutions. U.S. Const. amend 14; Mont. Const. art. II § 17. Pretrial detentions are deprivations of liberty

that require due process. *State v. White*, 2014 MT 335, ¶ 31, 339 P.3d 1243 (citing **Gerstein v. Pugh, 420 U.S. 103, 114 (1975) (**emphasis added**).**

Article II, Section 24 of the *Montana Constitution* protects defendant's rights as well, and the Montana Legislature, prior to 1972 Montana Constitution and at least as far back as 1947, has recognized the importance of this requirement in MCA § 46-7-101(1) and § 46-7-102(1). These two sections together ensure that a criminal prosecution begins promptly and with a recognition of the defendant's essential rights. *State v. Strong*, 2010 MT 163, ¶ 11, 236 P.3d 580, 357 Mont. 114.

Almost every element of an initial appearance under these statutes serves to enforce or give meaning to important individual rights that are either expressly granted in the *U.S. Constitution*, the *Montana Constitution*, or case precedent.  See, *State v. White*, 2014 MT 335, ¶ 47, 339 P.3d 1243 (McKinnon dissent). MCA § 46-7-102 "embodies the aforementioned constitutional principles and specifically states that it is the "[d]uty of [the] court" and that the judge "shall" inform the defendant of the enumerated issues. Id. at ¶ 48.

The government might respond that the statutory requirement of §§46-7-101 and 102, MCA did not apply to Mr. Snider. There is a 1982 Montana case, *State v. Dieziger*, 200 Mont. 267, 270, 650 P.2d 800, 802, for the proposition that it is unnecessary to bring a person in prison before a magistrate because the

incarcerated person has already lost his or her liberty. Mr. Snider may have lost his liberty while imprisoned, however, he still retained his fundamental, albeit reduced, rights. Even an immediate initial appearance is sometimes insufficient to protect these rights. Montana law follows federal law on protecting this rights.

On August 22, 1972, Fitzpatrick appeared before the district court for a preliminary hearing- over four months (126 days) after his arrest while already in custody at MSP. Fitzpatrick had still not been appointed a public defender. *Fitzpatrick*, 165 Mont. at 383-385. In Fitzpatrick, the Montana Supreme Court ruled that R.C.M. Sections 95-901 and 95- 902 (now *MCA §46-7-101 and §46-7-102)* applied to the facts of the case. *Fitzpatrick*, 165 Mont. at 387. The Court ruled that although Fitzpatrick had received an immediate initial appearance:

> Obviously the court's duty cannot end with a mere reading of his rights to defendant; if defendant requests counsel to be appointed the court without unnecessary delay must determine indigency and appoint counsel accordingly. How can this duty be fulfilled by delaying the appointment of counsel for four months while the state prepares its case and the defendant lingers in a prison or a jail? **The length of the delay here, coupled with petitioner's plight during the interim, shocks one's concept of fundamental fairness and due process. Federal cases compel the same result. See:** *Escobedo v. Illinois*, **378 U.S,. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977;** *United States v. Wade*, **388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149** (emphasis added).

The Montana Commission on Criminal Procedure prepared comments in 1991 which reinforced the long established fundamental right to appear before a magistrate without unnecessary or unreasonable delay in order to inform a criminal defendant of the charge(s) against him or her, the right to counsel, the right to remain silent, and the right to bail, "as early as possible."

The Court therefore rejects any position that Snider has, and had, no fundamental right to have an immediate initial appearance on or after March 22, 2015. Mr. Snider's status at MSP is immaterial to fulfillment of that right, and any such status is unmentioned in state statutes. Additionally to needing to be advised of his rights, Mr. Snider has, and had, a fundamental right to immediate assistance of counsel. Both of these rights were ignored by the State, over Snider's entreaties and to his detriment.

A consequence is appropriate to remedy the State's violation of these fundamental rights. It is impossible to quantify the reduced liberty interest suffered, but cumulatively, the prejudice is substantial. Beyond Mr. Snider's right to a speedy trial, the undue delay in arraignment, the 97 day delay in having an initial appearance, is compounded with the unsanctionable additional 90 days between the conduct and the charges.

Because these substantive due process rights went unprotected during the first three months of the district court case, and because a motion to dismiss based upon undue delay in arraignment would have had possible success and have been dispositive, failure to bring this motion was ineffective assistance of counsel that harmed Petitioner. *Strickland v. Washington*, 466 US 668 (1984).

## CONCLUSION & PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgement against government as follows:

1. This Court should determine that the Petitioner's substantive federal rights were violated, specifically the right to a tribunal free from bias or the appearance of bias pursuant to *Williams v. Pennsylvania*, 579 U.S. 1, and should remand this case for appointment of counsel and hearing on the merits of recusal.

2. This Court should determine that the Petitioner's 6th Amendment right to counsel was violated, specifically by the failure of counsel to act on Petitioner's request for post-judgment motions including the motion to recuse, AND by the district court judge not appointing counsel to represent Petitioner at the district court. *Strickland v. Washington*, 466 US 668 (1984).

3. This Court should determine that it was a violation of Petitioner's substantive due process rights to delay his initial appearance on these charges 97 days, in custody, and dismiss this conviction based upon federal substantive due process rights. *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975).

4. In the event that this Court determines dismissal is an inappropriate remedy, this Court should remand this case to the state district court for

post-conviction relief proceedings where Petitioner is appointed a lawyer and the issue of recusal is considered on the merits.

5. This Court should order the State of Montana to respond to this Petition, provide a scheduling order for Discovery and Briefing, and if necessary order a hearing.

6. Any such further relief as the Court deems just and proper.

## DECLARATION OF PETITIONER'S ATTORNEY

1. I am the Petitioner's attorney in this case and I am member in good standing of the Montana Bar.

2. I have reviewed the above information with the Petitioner in this case. I understand the submission of a false statement or false answer to any question may subject me to penalties for perjury. I declare under penalty of perjury that I have read this Petition, and the information I have set forth is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

3. I will keep the Court informed of the Petitioner's current mailing address.

RESPECTFULLY SUBMITTED this 7th day of July, 2022.

/s/ Benjamin M. Darrow
Benjamin M. Darrow
Attorney for Plaintiff

## Certificate of Service

I HEREBY CERTIFY that on the 7 day of July, 2022, a true and correct copy of the foregoing document was served on the following individual(s) by mail, hand-delivery, Federal Express or facsimile as indicated below:

| | |
|---|---|
| Brian Gootkin, Director<br>Montana Department of Corrections<br>5 Last Chance Gulch<br>Helena, MT 59620-1301<br>(406) 444-3930 | First Class Mail |
| James Salmonsen<br>Warden, MSP<br>400 Conley Lake Road<br>Deer Lodge, MT 59722 | First Class Mail |
| U.S. District Court Clerk<br>2601 2nd Ave. North, Suite 1200<br>Billings, MT 59101 | First Class Mail and CM/ECF |
| Tyler Snider ID:2141490<br>River North Correctional Center<br>329 Dell Brook Lane<br>Independence, VA 24348 | First Class Mail |

_____
Darrow Law, PLLC